United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alexandre Lema-Kenzo,<br>Petitioner<br><br>v.<br><br>Sec'y, Fla. Dep't of Corr.,<br>Respondent. | )<br>)<br>)<br>)  Civil Action No. 22-14297-Scola<br>)<br>) |

## Order on Petition for Writ of Habeas Corpus

Before the Court is Petitioner Alexandre Lema-Kenzo's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The Petitioner challenges the constitutionality of his state convictions and sentences on theft-related charges in the Nineteenth Judicial Circuit for St. Lucie County.

The Respondent filed a response (ECF No. 7), with an index to appendix (ECF No. 8) including attached exhibits 1–42 (ECF No. 8-1) and a notice of filing transcripts (ECF No. 9) with the attached Williams Rule hearing transcript (ECF No. 9-1), plea hearing transcript, (ECF No. 9-2), and sentencing hearing transcript, (ECF No. 9-3). The Petitioner thereafter filed a reply, (ECF No. 10). The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the reasons explained below, the petition is dismissed in part and denied in part.

**1. Background**

On July 21, 2016, the Petitioner was charged by information with:

Ct. 1: Third Degree Grand Theft (F 3)
Ct. 2: Third Degree Grand Theft (F 3)
Ct. 3: Third Degree Grand Theft (F 3)
Ct. 4: Criminal Use of Personal I.D. Information (F 3)
Ct. 5: Providing False Information In An Application for Indigency Status (M 1)

(ECF No. 8-1 at 2-3). The State later dismissed Count 3, and on May 20, 2019, the Petitioner entered an open no contest plea to the remaining four counts. (*See id.* at 39-45). On June 18, 2019, the trial court sentenced the Petitioner to

a concurrent term of five years imprisonment on Counts 1 and 2 with credit for time served; on Count 4, the trial court sentenced the Petitioner to five years of probation, to follow the sentences imposed for Counts 1 and 2; and on Count 5, the Petitioner was sentenced to time served. (*See id.* at 50–58).

The Petitioner appealed, and on April 23, 2020, the Fourth District Court of Appeal ("Fourth District") per curiam affirmed. *See Lema-Kenzo v. State*, 294 So. 3d 889 (Fla. 4d DCA 2020). Back at the trial court, the Petitioner filed a Rule 3.850 motion for postconviction relief which was denied and affirmed on appeal. *See Lema-Kenzo v. State*, 336 So. 3d 729 (Fla. 4d DCA 2022).

The instant petition was docketed on August 24, 2022.

**2. Legal Standard**

**Deference Under § 2254**

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman,* 550 U.S. 233, 246 (2007). AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

§ 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

### Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal

proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### 3. Discussion
#### a. Timeliness

The Respondent concedes, and the Court confirms, that the petition was timely filed. (*See* ECF No. 7 at 5).

#### b. Exhaustion/Procedural Default
**Ground One**

A federal district court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). The Respondent asserts that Ground One is procedurally defaulted. (*See* ECF No. 7 at 7). Having reviewed the record in full, the Court agrees. Moreover, in his reply, the Petitioner states that he "concedes and agrees with the Assistant Attorney General's argument." (ECF No. 10 at 5). The Court thus dismisses Ground One as procedurally defaulted.

#### c. The Merits

The Court proceeds to address the merits of the remaining grounds.

**Ground Two**

The Petitioner asserts that "[t]he postconviction court erred in denying Ground One of the Petitioner's Rule 3.850 that trial counsel rendered ineffective assistance misadvising him by making promises as to the length of the sentence he would receive in violation of his 5th, 6th, and 14th Amendment Rights." (ECF No. 1 at 6). As noted, the Petitioner raised this ineffective assistance claim as ground one in his motion for postconviction relief, the

postconviction court denied relief, and the Fourth District affirmed. *See Lema-Kenzo v. State*, 336 So. 3d 729 (Fla. 4d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d).

The record shows that the Petitioner entered a knowing and voluntary *open plea* without any promise as to what his sentence would be, and with the understanding that his maximum possible sentence was sixteen years. (*See* ECF No. 8-1 at 42). Among other factors, the Petitioner's plea form has the following checked for Paragraph 10:

> **Check if open plea to the court (✓)** regardless of the recommendations of my lawyer and the State Attorney, the court *may sentence me to any legal sentence, including the maximum sentence* allowed by law.

(ECF No. 8-1 at 40) (italics added). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court finds the Petitioner's solemn declarations veritable and his contentions in Ground Two wholly incredible in the face of the record. *See id.* Ground Two is thus denied.

### Ground Three

The Petitioner asserts that "[t]he trial court erred in denying ground two that trial counsel failed to advise him that he would face the same penalties for an open plea as would if he went to trial and lost in violation of his 5th, 6th, and 14th Amendment Rights." (ECF No. 1 at 8). As noted, the Petitioner raised this ineffective assistance claim as ground two in his motion for postconviction relief, the postconviction court denied relief, and the Fourth District affirmed. *See Lema-Kenzo v. State*, 336 So. 3d 729 (Fla. 4d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d).

As explained in Ground Two, the Petitioner entered a knowing and voluntary *open plea* without any promise as to what his sentence would be, and with the understanding that his maximum possible sentence was sixteen years. (*See* ECF No. 8-1 at 42). Once again, the Court finds the Petitioner's solemn declarations veritable and his contentions in Ground Three wholly incredible in the face of the record. *See Blackledge*, 431 U.S. at 74. Ground Three is thus denied.

### Ground Four

The Petitioner asserts that "[t]he trial court erred in denying ground three that trial counsel failed to advise the appellant that he could withdraw his plea prior to sentencing under Fla. R. Crim. P. 3.170 in violation of his 5th, 6th, and 14th, Amendment Rights." (ECF No. 1 at 10). As noted, the Petitioner raised this ineffective assistance claim as ground three in his motion for postconviction relief, the postconviction court denied relief, and the Fourth District affirmed. *See Lema-Kenzo v. State*, 336 So. 3d 729 (Fla. 4d DCA 2022).

The record shows that the trial court reasoned as follows in denying this ground:

> The Defendant does not demonstrate that he discussed with Counsel any issue that would have caused Counsel to discuss the possibility of a motion to withdraw plea prior to sentencing. Further, this Court, who would have heard a motion to withdraw plea, would not have found that the Defendant demonstrated good cause to allow him to withdraw his plea. Even had Counsel filed a motion to withdraw plea, it would not have been granted. The Defendant's claim is refuted by the record and without merit.

(ECF No. 8-1 at 231). In sum, having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). Ground Four is thus denied.

### Ground Five

The Petitioner asserts that "[t]he trial court erred in denying ground four that trial counsel rendered ineffective assistance by failing to move for a

continuance in order for him to meet the terms of the plea agreement and to investigate his mental health issues for presentation to the court in violation of his 5th, 6th, and 14th Amendment Rights." (ECF No. 1 at 12). As noted, the Petitioner raised this ineffective assistance claim as ground four in his motion for postconviction relief, the postconviction court denied relief, and the Fourth District affirmed. *See Lema-Kenzo v. State,* 336 So. 3d 729 (Fla. 4d DCA 2022).

The record shows that the trial court reasoned as follows in denying this ground:

> During the plea process, the State indicated that it would drop one of the grand theft charges if the Defendant fully paid the restitution amount to the victim of that charge. The Defendant does not allege that he asked or gave any indication to Counsel to move for a continuance. Given the facts of this case and the interactions with the Defendant, there was not a reasonable probability that a motion for continuance would have been granted. The Defendant's claim is without merit.

(ECF No. 8-1 at 231). In sum, having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). Ground Five is thus denied.

**Ground Six**

The Petitioner asserts that his "[a]ppellate counsel rendered ineffective assistance when he failed to raise the claim that the trial court was without subject matter jurisdiction because no crime was committed in the State of Florida." (ECF No. 1 at 16). The Petitioner raised this issue in his Second Amended Petition for Writ of Habeas Corpus and the Fourth District denied relief. (*See* ECF No. 8-1 at 389). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d).

As the Respondent explains, "for element 1 of the Grand Theft charged in Counts 1 and 2, respectively, Petitioner *obtained and endeavored to obtain the property of Carter (money from her IRA)*—and Carter lived in Port St. Lucie, Florida." (ECF No. 7 at 33). For Count 4, "Petitioner's failure to obtain Carter's

consent to use her personal identification information was an omission to perform a duty imposed by Florida law, and thus Florida had jurisdiction[.]" (*Id.* at 34). Finally, for Count 5, "Florida properly had jurisdiction over this offense because the result of the offense—false information provided to the clerk of court in St. Lucie County—occurred within the state." (*Id.*). In sum, the Petitioner's claims are meritless and so counsel cannot be deemed ineffective for failing to raise them. *See Chandler*, 240 F.3d at 917. Ground Six is thus denied.

### d. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the record refutes the Petitioner's factual allegations and precludes habeas relief. *See id.* Because the Court can "adequately assess [the Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### e. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, she must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists" would find the correctness of the district court's rulings

"debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Petitioner does not satisfy this burden, so the Court will not issue a certificate of appealability.

### 4. Conclusion

For the foregoing reasons, Petitioner Alexandre Lema-Kenzo's petition for writ of habeas corpus under 28 U.S.C. § 2254 **(ECF No. 1)** is **dismissed** in part and **denied** in part. Ground One is **dismissed** as procedurally defaulted. Grounds Two, Three, Four, Five, and Six are **denied**. A certificate of appealability is also **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, the Petitioner is not entitled to appeal *in forma pauperis*. The Clerk is directed to **close** the case.

**Done and ordered**, in chambers, in Miami, Florida, on May 10, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Alexandre Lema-Kenzo
S70431
Bay Correctional Facility
Inmate Mail/Parcels
5400 Bayline Drive
Panama City, FL 32404
PRO SE